**Donyel V. BROWN, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, Respondent–Appellee.**

No. 04–17324.

D.C. No. CV–99–02360–DFL/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2005.*

Decided June 29, 2005.

John Ward, San Francisco, CA, for Petitioner–Appellant.

Erik R. Brunkal, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* FED.

R.APP. P. 34(a)(2).

Before REAVLEY,** T.G. NELSON and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Donyel Brown seeks federal habeas corpus relief on grounds that the evidence does not support his conviction for first degree murder. The issue is whether the facts support a conviction for first degree murder under California law and under our standard of review. Concluding that they do, we affirm.

The Supreme Court has held that insufficiency of the evidence can support a claim for federal habeas corpus relief only where the evidence, viewed in the light most favorable to the prosecution, is such that no rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not decide whether the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), makes our review even more deferential to the state court decision than the *Jackson* standard imposes, but instead assume that Brown must at least meet the *Jackson* "no rational trier of fact" standard and affirm on that basis. *See Garcia v. Carey*, 395 F.3d 1099, 1102 (9th Cir.2005).

Sufficiency claims in § 2254 proceedings must be determined by looking to the substantive requirements for the crime as defined by state law. *Davis v. Woodford*, 384 F.3d 628, 639 (9th Cir.2004). Under California law, in this context, first degree murder requires that the killing was "will-ful, deliberate, and premeditated." CAL.PENAL CODE § 189 (West 2005). " '[D]eliberate' means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action." *People v. Wright*, 39 Cal.3d 576, 217 Cal. Rptr. 212, 703 P.2d 1106, 1114 (1985) (quoting with approval pattern jury instructions). "The word 'premeditated' means considered beforehand." *Id.* "A cold, calculated judgment and decision may be arrived at in a short period of time," but "[t]o constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, he decides to and does kill." *Id.*

"Three categories of evidence are helpful to sustain a finding of premeditation and deliberation in a murder case: (1) planning activity; (2) motive; and (3) manner of killing." *People v. San Nicolas*, 34 Cal.4th 614, 21 Cal.Rptr.3d 612, 101 P.3d 509, 539 (2004). Manner of killing evidence by itself can sustain a first-degree murder conviction if such evidence strongly suggests premeditation and deliberation. *Davis*, 384 F.3d at 640. In *Davis*, we held that the manner of killing, strangulation, was sufficient to sustain a first-degree murder conviction, *id.*, although we also discussed evidence of planning and motive, *id.* at 641. In *People v. Cole*, 33 Cal.4th 1158, 17 Cal.Rptr.3d 532, 95 P.3d 811 (2004), the court held that pouring gasoline directly on a sleeping or dozing victim was evidence of a deliberate manner of killing, which, together with evidence of motive,

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

was sufficient to support first degree murder. *Id.* at 857–58. In *San Nicolas,* the court held that multiple stab wounds was a manner of killing consistent with deliberation, and that even if the victim's "wounds were only suggestive of rage, an inference of premeditation is not precluded." 21 Cal.Rptr.3d 612, 101 P.3d at 540.

Under these authorities, we hold that a rational jury could find Brown guilty of first degree murder. There was evidence of planning, motive, and a manner of killing consistent with premeditation. Although the facts show that the decision to kill was reached in a short period of time, the rapidity of the thought process does not preclude a conviction for first degree murder.

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.